UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAYA L. PICKELL,

    Plaintiff,

vs.                                                  Case No.: 05-74542
                                                  HON. GEORGE CARAM STEEH

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

       This matter is before the court on plaintiff Taya Pickell's challenge of a final decision of defendant Commissioner that plaintiff was not disabled for purposes of the Social Security Act.  42 U.S.C. §§ 423, 1382.  Plaintiff filed an application for Supplemental Security income on June 29, 2001.  She alleged she had been disabled since August 2, 2000 due to irritable bowel syndrome/Crohn's disease, fibromyalgia, obesity, right shoulder pain, arthritis, sphincter of Oddi dysfunction, left eye blindness, and adjustment/depressive disorder.  Plaintiff's claim was denied upon initial review.  ALJ John Ransom conducted a hearing on May 19, 2003, at which plaintiff was not represented by counsel.  ALJ Ransom denied plaintiff's claim in an opinion issued on February 24, 2004.  The Appeals Council denied review of the ALJ's decision on October 4, 2005, which is the final decision of the Commissioner.  Plaintiff is now represented by an attorney and appeals the denial of her claims to this Court.

Magistrate Judge Mona Majzoub issued a report and recommendation recommending that defendant's motion for summary judgment be granted, plaintiff's motion for summary judgment and motion for six sentence remand be denied, and that plaintiff's complaint be dismissed. Objections to that report have been filed by plaintiff within the established time period. The Court has reviewed the file, record, and magistrate judge's report and recommendation. The Court accepts the report and recommendation, and orders that summary judgment be granted for defendant and denied for plaintiff.

1. Mental Residual Functional Capacity

Plaintiff objects that the ALJ did not accurately portray her mental impairment in the hypothetical given to the vocational expert ("VE"). The ALJ found that plaintiff suffered from "sever" adjustment disorder and major depressive disorder. Based on the medical evidence, the ALJ determined that plaintiff's mental issues could be accommodated by a work restriction of simple and repetitive job tasks. Plaintiff objects that the accommodation recommended by the ALJ goes to work skills as opposed to mental ability.

The magistrate judge addressed this argument by referring to the Sixth Circuit case of Webb v. Comm'r of Social Sec., 368 F.3d 629 (6th Cir. 2004). Webb held that the ALJ need not include a list of medical conditions in formulating a hypothetical question for the VE, but should include an assessment of what plaintiff "can and cannot do." Id. at 633. This is precisely what the ALJ did in this case when he determined that plaintiff's limitations in concentration, persistence, or pace would be adequately accounted for by limiting her to simple, repetitive work.

2. ALJ's Determination of "Moderate" Impairment

Plaintiff questions whether the ALJ's finding that she is "moderately" impaired in her ability to concentrate, persist or keep pace is adequately accounted for in the RFC. The ALJ limited plaintiff to "simple, repetitive work"to accommodate her moderate limitations in concentration, persistence, or pace. The ALJ relied on the findings of plaintiff's treating mental health doctors. Examiner Dinsmore found no impairment of plaintiff's concentration, judgment, memory, or abstract thinking. Dr. Marshall, the state agency psychologist who reviewed plaintiff's medical records, opined that plaintiff had only mild limitations due to her mental impairments. Dr. Clark's psychological testing showed plaintiff had adequate concentration and memory and an ability to exercise judgment, perform computations, engage in abstract thinking, and recognize the differences and similarities between objects and things. Plaintiff herself indicated she was able to tend to her personal care and household chores without assistance. She enjoyed reading and watching television, and she attended college courses. To the extent these activities were limited, it was due to plaintiff's physical condition rather than her mental one.

Plaintiff cites to Edwards v. Barnhart, 383 F.Supp.2d 920 (E.D. Mich. 2005), where the court remanded after finding that a hypothetical containing a limitation of "simple, routine, unskilled work" was insufficient in the face of substantial evidence of a "moderate limitation in . . . ability to concentrate, persist and keep pace." In the present case, the limitation of "simple and repetitive job tasks" is supported by the evidence, in the form of plaintiff's treating mental health doctors and her own testimony. This evidence supports the VE's testimony that an individual fitting the description in the

3

hypothetical could perform in a job as a surveillance monitoring, referral and information clerk, or order clerk.

3. Sentence Six Remand

Plaintiff sought a remand based on newly submitted evidence, in which Dr. Jabeen found plaintiff to be moderately to markedly limited in her ability to carry out various functional activities. A "sentence six remand" under 42 U.S.C. § 405(g) allows the court to remand the case to the ALJ to consider additional evidence upon a showing that the evidence is new and material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Dr. Jabeen's evaluation took place in July 2005, and the resulting report was prepared in that month as well. Assuming good cause, the issue for a sentence six remand becomes materiality.

"In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Sec'y of Health and Human Servs., 865 F.2d 709, 711 (6th Cir. 1988) (citation omitted). Evidence is material if it is probative of the claimant's condition during the time period at issue before the ALJ. See Mingus v. Comm'r of Soc. Sec., 1999 WL 644341 *5 (6th Cir. 1999). The Jabeen report describes plaintiff's then-current condition during the evaluation. As concluded by the magistrate judge, Dr. Jabeen's report indicates that plaintiff's condition may have deteriorated after the ALJ rendered his decision. However, "[e]vidence of a subsequent deterioration or change in condition

4

after the administrative hearing is deemed immaterial." <u>Wyatt v. Secretary of Health & Human Servs.</u>, 974 F.2d 680, 685 (6th Cir. 1992). Remand, therefore, is inappropriate.

4. <u>Conclusion</u>

The ALJ's decision is supported by substantial evidence, and is therefore affirmed. Accordingly,

IT IS HEREBY ORDERED that the magistrate's report and recommendation is ACCEPTED.

IT IS FURTHER ORDERED that judgment enter for defendant.

SO ORDERED.


Dated: March 14, 2007

<u>S/George Caram Steeh</u><br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 14, 2007, by electronic and/or ordinary mail.

<u>s/Josephine Chaffee</u>
Deputy Clerk

---